UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

ISAIAH PARRISH BENTLEY                                                 PLAINTIFF

v.                                             CIVIL ACTION NO. 5:19-CV-P79-TBR

COOKIE CREWS et al.                                                  DEFENDANTS

## MEMORANDUM OPINION

Plaintiff Isaiah Parrish Bentley filed a *pro se*, *in forma pauperis* 42 U.S.C. § 1983 complaint. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, the complaint will be dismissed.

## I. STATEMENT OF FACTS

Plaintiff is a convicted prisoner incarcerated at the Kentucky State Penitentiary (KSP). He names as Defendants Correct Care Solutions and in their individual and official capacities Cookie Crews, "administrator over health service division;" Denise Burkett, "clinical director over health service;" and Tonya Gray and Gene Reaney, both designated as "Psychology."

Plaintiff alleges that his Eighth Amendment rights are being violated because his gender dysphoria is not being properly treated. He states, "They keep refuseing to give me (HRT) thereapy, and from them refuseing me treatment I develop depression, anxiety and suicidal tendencies." He states that he was diagnosed with gender dysphoria "before KSP" and that he is denied hormone therapy "saying I do not meet criteria." Elsewhere he states, "They ask for records from the street. I did not have any, so[] they could not help me." He further states that he was diagnosed with gender dysphoria at Northpoint Training Center but since coming "here to KSP both licensed mental providers at KSP have gone against of what the other psychiatric has noted and diagnosed me with and left me to suffer."

With regard to Defendant Gray, Plaintiff states that she "went against" his prior mental health provider Keith Feck's diagnosis. He alleges that she has "lied on her progress notes, writing down things I have not said."

Plaintiff alleges that Defendant Crews is the administrator of all the people he has dealt with and "there is no proper training on how to deal with transgender inmates." He also alleges that she has never responded to letters he has written to her.

As to Defendant Burkett, Plaintiff alleges that she "has failed to do her job as clinical director." He states that she sent him a paper "that he was to be re-evaluated by psychology and psychiatry to determine if I meet the criteria for gender dysphoria . . . on Feb. 27," but that as of April 20, 2019, he had not been re-evaluated.

Finally, Plaintiff alleges that Defendant Reaney has violated his constitutional rights by "going against another psychiatric nurse practitioner diagnoses."

Plaintiff attaches several documents to his complaint, including a Psychology Progress Note made by Keith Feck at the Northpoint Training Center dated September 18, 2017. That Note states, "[Plaintiff] does meet the criteria for Gender Dysphoria . . . [Plaintiff] has a history of hormone treatment and wants to continue this. Advised [Plaintiff] to put in a sick call slip to start the process to see [if] this would be approved."

Plaintiff also attaches a response to a grievance regarding lack of treatment for gender dysphoria from Defendant Gray. That response states in part:

> A review of [Plaintiff's] EMR reveal[s] that [Plaintiff] was previously diagnosed with [gender dysphoria]; however, since the time of the initial diagnosis, both licensed mental providers at KSP, and the psychiatric nurse practitioner have further evaluated the man. Each provider noted the client did not present with symptoms at the time of their individual assessments that would meet the criteria of Gender Dysphoria. In regards to his request for HRT and/or gender reassignment surgery, there is no additional[] records or information that such a procedure was started while the client was in the community. Information was

2

requested; however, the client was unable to provide credible information for such to be received. Additionally, [Plaintiff] was presented before TLOCC (Therapeutic Level of Care Committee), which consists of multiple, licensed team members, from varied and diverse professional backgrounds. It was determined that the client did not meet the criteria at that time to pursue the treatment that is being requested by the client.

Conversely, it should be noted that [Plaintiff] has a treatment plan in place prescribed by licensed providers that currently meets community standards.

Plaintiff also attaches a document from Defendant Burkett in response to a letter from Plaintiff "expressing concern over gender dysphoria." That document states that Defendant Burkett has been in communication with Dr. Meek and the recommendation is that Plaintiff "be re-evaluated by psychology and psychiatry to determine if [he] meet the criteria for gender dysphoria. After [his] evaluations, the psychology . . . and psychiatry staff will present their finding to the . . . TLOC and [Plaintiff's] treatment plan will be revised if necessary."

As relief, Plaintiff asks for monetary damages and injunctive relief.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of*

*Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A prisoner is protected from cruel and unusual punishment by the Eighth Amendment. To establish an Eighth Amendment violation premised on inadequate medical care, a prisoner must demonstrate that the defendant acted, or failed to act, with "deliberate indifference to serious medical needs." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002). A prisoner claiming cruel and unusual punishment must establish both that the deprivation was sufficiently serious to rise to constitutional levels (an objective component) and that the state official acted with a sufficiently culpable state of mind (a subjective component). *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

"Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). In other words, a court generally will not find deliberate indifference when some level of medical care has been offered to the inmate. *Christy v. Robinson*, 216 F. Supp. 2d 398, 413-14 (D.N.J. 2002). Mere disagreement over medical treatment cannot give rise to a constitutional claim of deliberate indifference. *Durham v. Nu'Man*, 97 F.3d 862, 869 (6th Cir. 1996). Thus, a difference in medical judgment between an inmate and prison medical personnel regarding the appropriate diagnosis or treatment is not enough to state a deliberate-indifference claim. *Ward v. Smith*, No. 95-6666, 1996 WL 627724 (6th Cir. Oct. 29, 1996). By the same token, a difference of opinion between medical care

4

providers as to appropriate treatment for an inmate's ailment does not present a constitutional controversy. *See Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014) ("Disagreement between a prisoner and his doctor, or even between two medical professionals, about the proper course of treatment generally is insufficient, by itself, to establish an Eighth Amendment violation."); *see also Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (finding that a disagreement between prison physician and physician who originally prescribed medications is not of constitutional magnitude).

Here, since transferring to KSP, Plaintiff has been seen by two licensed mental health providers and the psychiatric nurse practitioner, all of whom found that Plaintiff did not meet the criteria for gender dysphoria. Additionally, Plaintiff's case was presented before the Therapeutic Level of Care Committee, which determined that Plaintiff "did not meet the criteria at that time" to pursue the requested treatment. Moreover, according to the response to his grievance from Defendant Gray, which Plaintiff attaches to his complaint, Plaintiff has "a treatment plan in place prescribed by licensed providers that currently meets community standards."

Because Plaintiff has received medical care from Defendants, although that medical care is different from that proposed for Plaintiff at Northpoint Training Center, Plaintiff fails to state a constitutional claim. *Westlake v. Lucas*, 537 F.2d at 860 n.5; *Martin v. Staubus*, No. 2:14-cv-200-TWP-DHI, 2015 WL 328372, at *5-6 (E.D. Tenn. Jan. 26, 2015) (finding no constitutional claim where prison doctor refused to treat plaintiff with medication he had been prescribed by a psychiatrist).

## III. CONCLUSION

For the foregoing reasons, by separate Order, the complaint will be dismissed.

Date: August 8, 2019

**Thomas B. Russell, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
  Defendants
  General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.009